UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**FERNANDO ORTIZ,**

   **Plaintiff,**

**v.**                                      No. 4:25-cv-0385-P

**EAGLE MOUNTAIN SAGINAW**
**INDEPENDENT SCHOOL DISTRICT,**

   **Defendant.**

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Eagle Mountain Saginaw Independent School District's (EMS) Motion to Dismiss. ECF No. 7. Having considered the Motion, briefing, and applicable law, the Court will **GRANT** EMS's Motion to Dismiss.

## BACKGROUND[1]

Plaintiff Fernando Ortiz brings his employment action under the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act of 1964 as Amended (Title VII), and Chapter 21 of the Texas Labor Code (Chapter 21). Ortiz is a Hispanic male who is over the age of forty. Ortiz was employed by EMS as a safety and security lead until August 28, 2023, when his employment was terminated. At the time of his termination, Ortiz had two open worker's compensation claims with EMS. The termination letter received by Ortiz stated that he had violated the Educators' Code of Ethics, but did not contain specifics. Prior to the termination letter, Ortiz had never had received write-up or any other type of disciplinary action.

---

[1] The following are the relevant facts alleged in Ortiz's Original Complaint, which are taken as true for the purposes of this Motion. ECF No 1. This background omits any conclusory statements contained in the facts section of Ortiz's Original Complaint.

## LEGAL STANDARD

Rule 12(b)(6) allows a defendant to move to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12 (b)(6). A 12(b)(6) motion is an appropriate way to dispose of a claim for attorney's fees. *See e.g., Blanchais v. Flowserve Corp.*, No. 3:07-CV-1270-G, 2007 WL 9717596, at *2 (N.D. Tex. Nov. 19, 2007). In evaluating a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). "Further, 'all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However, courts are not bound to accept as true legal conclusions couched as factual allegations. *See In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The well-pleaded facts must permit the court to infer more than the mere possibility of misconduct. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint must allege enough facts to move the claim across the line from conceivable to plausible. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether the plausibility standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

## ANALYSIS

In Ortiz's Original Complaint, he alleges four causes of action: (1) Hostile Work Environment in violation of Chapter 21; (2) Age Discrimination in violation of the ADEA; (3) Race Discrimination in violation of Title VII; and (4) Retaliation in violation of the ADEA and Title VII. ECF No. 1. EMS alleges that Ortiz has failed to sufficiently plead any of his claims. ECF No. 7. Ortiz asserts that he has. ECF No. 11. The Court addresses each claim in turn.

## A. Hostile Work Environment

In its Motion to Dismiss, EMS claims Ortiz has not sufficiently alleged facts to support a claim for hostile work environment under Chapter 21. ECF No. 7 at 4. The Court agrees.

A claim for hostile work environment must "entail[] ongoing harassment, based on the plaintiff's protected characteristic, so sufficiently severe or pervasive that it has altered the conditions of employment and creates an abusive working environment." *Quintana v. Fujifilm N. Am. Corp.*, 96 F. Supp. 3d 601, 621 (N.D. Tex.), *aff'd*, 628 F. App'x 252 (5th Cir. 2015) (citation omitted). When the alleged harasser has authority over the plaintiff, the plaintiff establishes a *prima facie* case for hostile work environment by showing: (1) he belongs to a protected class; (2) he was subject to unwelcome harassment; (3) the harassment complained of was based on the protected characteristic; (4) the harassment complained of affected a term, condition, or privilege of employment. *Id.* at 621–22.

While Ortiz claims he "was subject to a hostile workplace for race, color, and age discrimination" (ECF No. 1 ¶ 32), he does not provide specific factual support to show the workplace was hostile. The closest Ortiz comes to an actual factual allegation is his claim that "he was made to feel less than in front of his employees and coworkers because of Defendant's actions and words." ECF No. 1 ¶ 33. However, he does not provide any examples of how or when Defendant's "made him feel less than." Further, Ortiz's claim of feeling "less than" does not amount to an abusive working environment under current Fifth Circuit precedent. *See Gaudette v. Angel Heart Hospice, L.L.C.*, No. 24-50523, 2025 WL 1419720, at *3 (5th Cir. 2025) (holding that a plaintiff failed to establish his hostile work environment claim because isolated incidents that do not amount to pervasive harassment are insufficient unless those incidents are "extremely serious"). Ortiz failed to allege pervasive harassment or that the isolated incidents were extremely serious. Accordingly, the Court finds Ortiz failed to sufficiently plead his hostile work environment claim.

## B. Age Discrimination

EMS argues Ortiz failed to allege sufficient facts to support a claim for age discrimination under the ADEA. ECF No. 7 at 5. Under the *McDonnell Douglas* framework, the plaintiff bears the burden to establish a *prima facie* case of discrimination before the burden shifts to the defendant to articulate a nondiscriminatory reason for its actions. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). A plaintiff establishes a *prima facie* case of age discrimination under the ADEA by showing: "(1) they are within the protected class; 2) they are qualified for the position; 3) they suffered an adverse employment decision; and 4) they were replaced by someone younger or treated less favorably than similarly situated younger employees (*i.e.*, suffered from disparate treatment because of membership in the protected class.)." *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (citation modified). A plaintiff must show that age was the "but-for cause" of the adverse employment action. *Id.* "Although plaintiffs do not have to submit evidence to establish a prima facie case at this stage, they must plead sufficient facts on all of the ultimate elements . . . to make their case plausible." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) (citation modified).

Ortiz does not plead sufficient facts to make his case of age discrimination plausible. Ortiz concludes that EMS "discriminatorily terminated Plaintiff because of his age" (ECF No. 1 ¶ 40), but he does not allege any facts which would allow the Court to infer that his age played any role whatsoever in his termination. Ortiz's Complaint states "that his supervisors and that other employees had animosity towards him because he was older than them." ECF No. 1 ¶ 21. However, he does not provide any instances in which he was shown animosity because of his age. Ortiz further claims "his replacement was a younger non-Latino which is ultimately what EMS wanted." ECF No 1 ¶ 23. But Ortiz does not provide factual support for this conclusion. Ortiz argues "other younger non-Latino employees were often given corrective action, verbal or written warning, and most importantly due process." ECF No. 1 ¶ 26. But again, Ortiz's Complaint is wholly deficit of any facts (who, what, when, where, or how) to support his conclusory statements. Because

4

Ortiz does not provide factual support for his assertion that age was the but-for cause of any adverse employment decisions or disparate treatment, he has failed to sufficiently plead his age discrimination claim.

### C. Race Discrimination

EMS claims Ortiz does not plead facts to support a claim for race discrimination under Title VII. ECF No. 7 at 7. In the absence of direct evidence of discrimination, as is the case here, a plaintiff can proceed under the *McDonnell Douglas* burden-shifting analysis. *Watson v. Esper*, 793 F. App'x 277, 279 (5th Cir. 2019). In the first step of this analysis, the plaintiff must establish a *prima facie* case of discrimination by showing: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) others similarly situated were more favorably treated. *Id.* "Although plaintiffs do not have to submit evidence to establish a prima facie case at this stage, they must plead sufficient facts on all of the ultimate elements . . . to make their case plausible." *Cicalese*, 924 F.3d at 766.

Similar to his claim for age discrimination, Ortiz does not plead sufficient facts to make his case of race discrimination plausible. He does not allege facts showing he experienced an adverse employment action or was treated less favorably because of his race. Ortiz simply states that he was "being subjected to a hostile work environment and ultimately . . . wrongfully terminated," and was "treated significantly less than as opposed to younger non-Latino employees." ECF No. 7 ¶ 46. These conclusory allegations are wholly unsupported by any factual allegations. Therefore, the Court concludes Ortiz failed to state his claim for race discrimination.

### D. Retaliation

EMS argues Ortiz failed to plead sufficient facts to support his claim for retaliation. ECF No. 7 at 9. A plaintiff establishes a *prima facie* case of retaliation by showing: "(1) he engaged in an activity protected by Title VII; (2) he was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action." *Wright v. Chevron Phillips Chem. Co., L.P.*, 734 F.

5

App'x 931, 935 (5th Cir. 2018).[2] "An employee engages in a protected activity under Title VII if she opposes any practice made an unlawful employment practice under 42 U.S.C. § 2000e–3(a)." *Adams v. Vaughn*, No. 3:18-CV-1109-B-BT, 2019 WL 1003845, at *3 (N.D. Tex. Feb. 12, 2019) (citation modified). "The Fifth Circuit has consistently held that a vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity." *Id.*

Ortiz did not sufficiently plead a claim for retaliation because he does not allege any facts showing participation in a protected activity or a causal link between a protected activity and an adverse employment action. Ortiz argues that he sufficiently pled participation in a protected activity by stating "[he] recognized that his supervisors and that other employees had animosity towards him because he was older than them and because of his race being a Hispanic/Latino." ECF No. 1 ¶ 21. However, there is a difference between recognizing animosity and opposing an unlawful employment practice. Ortiz does not allege any facts which would allow the Court to infer that he engaged in a protected activity or that a protected activity served as the but-for cause of an adverse employment action. Accordingly, Ortiz has failed to sufficiently plead his retaliation claim.

## CONCLUSION

For the reasons set out above, the Court **GRANTS** EMS's Motion to Dismiss. ECF No. 7. Therefore, Ortiz's claims are **DISMISSED with prejudice**.

**SO ORDERED** on this **10th day of July 2025.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

---

[2]Retaliation claims under the ADEA are analyzed under the same standards that are applied to Title VII retaliation claims. *See Faruki v. Parsons S.I.P., Inc.*, 123 F.3d 315, 318 (5th Cir. 1997) (citations omitted). Thus, the Court's analysis under Title VII applies to Ortiz's ADEA retaliation.